[The cases for the residue of the term, commencing on page 340, were argued and decided at the sittings in Boston, in January, 1851.]

### Truman Sampson vs. Samuel Bradford.

The lessor for years of a dam, which is used to raise a head of water to drive a mill, subsequently erected by the lessee, and who retains an interest in the water raised by the dam, is liable under the Rev. Sts. *c.* 116, to the owner of land above, for the flowing occasioned by such dam.

This was a complaint under the Rev. Sts. *c.* 116, for flow ing the complainant's land, by means of a dam erected by the respondent across Finney's meadow brook in Plymouth for the

purpose of driving certain mills situated upon and near the same. The case was submitted to the court of common pleas, and by appeal to this court, upon the following agreed statement of facts : —

On the 21st of September, 1844, the respondent, who was the owner of the dam in question, leased the same by an indenture in writing and under seal, there being then no mill on the premises, to one Ivory L. Harlow for the term of five years; with the intention and expectation, that the lessee would erect a mill on the premises, to be used in connection with the dam ; and the lessee erected a mill accordingly within a year from the commencement of the lease.

The lease contained the following "reservation and restriction," namely : " That the said Harlow shall not hold the water by the dam, while and so long as the said Bradford shall occupy and improve the dam and privilege at his stave-mill below, so as to deprive the said Bradford of a full pond in the morning at his stave-mill dam, and the passage daily to his mill of as much water as the natural stream would furnish."

Before the erection of the mill by Harlow, there had been no mill on the premises for thirty years, and the flowing caused by the dam was not injurious to the complainant; but at the time or soon after Harlow became the lessee of the premises, he repaired and raised the dam, and began to flow the complainant's land.

At the time the dam was repaired by Harlow, and a new gate put in, the respondent, as owner of the dam, was called to be present, and assented to the fixing of the dam and gate, at the height at which the dam was then established, and at which it had ever since been continued.

On the 29th of January, 1846, Harlow assigned his lease of the dam to one Barnes, who, at the same time, became the purchaser of the mill. Barnes sold the mill, and assigned the lease, on the 5th of February, 1846, to Warren and Sandford, who have since carried on the mill, keeping the dam at the same height to which it had been raised by Harlow, and have flowed the premises described in the complaint.

The present complainant filed a complaint for flowing his

premises against Warren and Sandford, in the court of com-
mon pleas, and discontinued the same at the last December
term, after a jury had been ordered.

The respondent, during the whole term since the execution
of the lease, had claimed and exercised the right to regulate
the dam, and the height of the water, with a view to the pas-
sage of the water to his stave-mill dam and privilege below,
on the same stream, as referred to in the lease, and the same
had been regulated accordingly.

The complainant's title was not controverted.

If, upon these facts, the court should be of opinion, that the
complaint could not be supported against the respondent, the
complainant was to become nonsuit; otherwise a jury was to
be ordered to assess the complainant's damages.

*W. Davis*, for the respondent.

*J. H. Clifford* and *J. H. Loud*, for the complainant.

DEWEY, J.   The respondent interposes various objections to
sustaining this complaint.   The principal one is, that the mill
was not erected by the respondent, the owner of the dam, but
by his lessee.   This objection is strongly urged, and is sup-
posed, by the counsel for the respondent, to be sustained by
the case of *Fitch* v. *Stevens*, 4 Met. 426.   But the principle
settled in that case was a much more limited one.   It was
only that a proceeding by complaint, under the mill act, to re-
cover damages for the flowing of land, cannot be maintained
where nothing has been done beyond the erection of a dam;
no mill being attached thereto and no intent existing forthwith
to erect such mill.   That case was in many respects widely
different from the present.   The complaint there was against
Stephen Stevens, who had erected the dam without the mill,
Jonathan C. Stevens having erected the mill on his own land
below; and the court were of opinion, that a complaint against
the owner of a dam without any mill, and before any mill was
erected, or any present intention to erect one existed, was not
well founded under the statute, and would not authorize an
assessment of damages against such party.

The difference between the case cited, and the case before
us, is quite obvious.   In the present case, the dam and mill
26 *

are both on the land of the respondent, and both were erected before the filing of the complaint; and the respondent, although he had leased the dam and mill privilege to a lessee, yet retained an interest in the water raised by the dam, and a direction in the management of the dam. The case, in fact, describes every thing material to bring the case within the provisions of the Rev. Sts. c. 116; unless it is a valid objection to maintaining this complaint, that the respondent had made the lease to Harlow, as before stated. Did that lease operate to defeat the complainant's right to maintain this complaint, and to recover damages for flowing his land by the water raised by this dam? We think not, and that the dam and mill both being on the land of the respondent, he may be held liable to this process, although the mill privilege was subject to a temporary lease to a third person, who, after taking such lease, erected the mill under the circumstances already stated.

The mill, thus built upon the land of another person, becomes attached to the real estate of the owner of the land, and he is to be taken to be the owner of the mill. The respondent leased the privilege, with the expectation that there was to be a mill erected near the dam by Harlow; and under certain stipulations as to his own use of the water and control of the dam. The statute authorizes proceedings to be instituted against either the owner or the occupant; and we are satisfied, upon the facts stated, that the respondent is liable; and that the complaint should be sustained, and that a jury should be ordered to assess the complainant's damages.