## DANIEL EDGERLY *vs.* JOHN WHALAN.

Household furniture belonging to a woman became on her marriage in 1844 the property of her husband.

A gift of household furniture by a husband to his wife is void.

The fact that a wife is left by her husband without means of support does not authorize her to give away household furniture, which he has left in her possession, in payment of necessary services to herself.

One who removes furniture from a place where the owner left it to the house occupied by himself and his wife, and uses it in their housekeeping, is liable for its conversion, although he removed it as agent of his wife, and disclaims all right to it himself.

A demand at the defendant's house for household furniture therein, belonging to the plaintiff, and a refusal by the defendant's wife to deliver it, are sufficient evidence of a conversion of it by the defendant.

REPLEVIN of household furniture. At the trial in the superior court, before *Reed*, J., the plaintiff introduced evidence tending to show that the furniture was his property, and was left by him in his house at the time of a separation between him and his wife; that the defendant carried it away from the house; that it was thenceforward kept in a house in which the defendant lived with his wife, and used by them in their housekeeping; that before commencing this action a demand for the furniture was made at the house of the defendant; that the defendant's wife, who was there, refused to deliver it; and that the defendant himself came there afterwards, while the officer was removing the goods on the writ, and said that he would see about the officer's right to take the goods, or words to that effect.

The defendant offered evidence tending to show that the plaintiff went away from his house in June 1868, abandoning his wife and his children, two of whom were minors; that for some weeks afterwards he in no way contributed towards the support of the children, and had not since contributed to the support of his wife; that his wife was left in charge of his domestic establishment and children, and continued to employ as a servant Mary Daniels, then unmarried, but now the defendant's wife, who had been a servant in the plaintiff's family for several years; that, having no other means of payment, the plaintiff's wife paid the servant for her services performed after the plaintiff went away, by delivering to her all the replevied furniture except one table, one carpet and eight

chairs; that all the replevied furniture except one chest belonged to the plaintiff at the time of his separation from his wife, and had then been given by him to her, and left by him in her possession; that the chest was the separate property of the plaintiff's wife at the time of her marriage to the plaintiff, in June 1844, and had always been kept in the house where she and her husband lived; that, after the separation, the said table, carpet and chairs were given by the plaintiff's wife to her daughter, in anticipation of her marriage, and by the daughter to Mary Daniels in payment for her services: that the defendant merely removed the replevied furniture from the place where it was at the time of his marriage, to the house in which he and his wife were living when they married; that he did this at the request and as the agent of his wife; and that until the furniture was seized on the writ he never knew or heard of any claim thereto on the part of the plaintiff, and always disclaimed any right or title in or to it on his own part.

The judge instructed the jury that these facts, if proved, would constitute no defence; and that, if the defendant removed the furniture from the house where it had been left by the plaintiff, although he did so on the request and as the agent of his wife, and if the furniture had since remained in the house occupied by him and his wife, and been used by them in their housekeeping, this amounted to a conversion by him. Under these instructions the jury returned a verdict for the plaintiff; and the judge reported the case for the revision of this court.

*C. Cowley*, for the defendant.

*A. T. Sinclair*, for the plaintiff.

BY THE COURT. The property belonged to the plaintiff, and the defendant could not derive any title to it from the plaintiff's wife or her servant. It appears that he wrongfully detained it, and the plaintiff is therefore entitled to maintain this action.

*Judgment for the plaintiff on the verdict.*