GEORGE WHITNEY, administrator, *vs.* ELIZABETH WHEELER.

Worcester. Oct. 5, 1874. — Jan. 9, 1875. COLT & MORTON, JJ., absent.

A *donatio causa mortis* from a husband to his wife is valid, notwithstanding the Gen. Sts. *c.* 108, § 10.

On the issue whether a *donatio causa mortis* was made, statements of the alleged donor, tending to show a continuous and apparently fixed state of mind and purpose in him, inconsistent with the alleged gift, and existing previously thereto, are admissible to contradict the testimony of the donee.

TORT for the conversion of a United States bond, of the denomination of $500, alleged to belong to the estate of Jonathan Wheeler, the plaintiff's testator. The answer was a general denial. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions in substance as follows:

The defendant contended and introduced evidence tending to show that she was the owner of the bond in question, and that it had been given to her by her husband, the said Jonathan, as a *donatio causa mortis*.

The plaintiff requested the judge to rule that there could be no valid *donatio causa mortis* from a husband to his wife, and that such a defence could not be sustained. But the judge, for the purposes of the trial, ruled that a valid *donatio causa mortis* could be made by the husband directly to the wife.

The plaintiff introduced evidence tending to show that no such gift was ever made by the testator to the defendant. It was in evidence that, at the time of his marriage, Jonathan Wheeler was a man seventy-four years of age, had been twice before married, and had a family of four adult children living, and that the defendant was then a widow with five children, and that an antenuptial contract was executed between them, by which Mrs. Wheeler retained her own property, and at the decease of the testator was to receive the use and improvement of one third of his real and personal estate so long as she should live, in lieu of dower and all claim whatsoever upon his estate, and that shortly after the marriage a will was executed by Wheeler, disposing of his property in conformity with the terms of this contract.

The plaintiff offered evidence to show that the testator, at different times from the year 1866 to the day of his decease in 1872, had declared his intention to adhere to the disposition of the prop-

erty made by the will and marriage contract; that not long previous to his death, but before the alleged *donatio*, he had expressed his fear that his wife had been secreting money obtained from his property, and had deposited it in the Fitchburg Savings Bank, and that he requested the witness, his son-in-law, to go there to ascertain if such was the fact; and also that on the day preceding his death, and a few days after the alleged gift, he had stated to this witness that he feared his wife and her friends, after his death, would take all there was of his estate, and begged that he would look after his estate and see that his children were not defrauded. He also offered to prove that, only a few hours previous to the time of the alleged gift, Jonathan Wheeler had expressed himself confident that he should recover; also, that on the Sunday succeeding the Friday on which the alleged gift was made, Wheeler, in conversation with the witness, in answer to an inquiry as to his health, stated that he was doing well, and believed he should ultimately recover; and, that from the Thursday preceding the alleged gift, to the Sunday succeeding, there had been no material change in his physical condition.

The defendant had previously introduced evidence that, at the time of the alleged gift, Wheeler had stated that he considered it doubtful if he should live long.

The judge ruled that all the above evidence was incompetent for any purpose, and rejected the same. The case was submitted to the jury upon full instructions, which were not objected to. The verdict was for the defendant, and the plaintiff alleged exceptions.

*C. H. B. Snow*, for the plaintiff.

*F. F. Fay*, for the defendant. The finding of the jury is conclusive upon the question whether the gift was made, unless evidence to control the fact of such gift was improperly excluded. The evidence offered by the plaintiff, which was excluded, was simply the declarations of the plaintiff's testator in his own favor, and these were not competent to control positive evidence of the gift. The plaintiff's testator is the real plaintiff in this action, and any declarations made by him in his own favor, not in the presence of the defendant, either before or after the gift, are inadmissible for any purpose. *Emmons* v. *Westfield Bank*, 97 Mass. 230. *Baxter* v. *Knowles*, 12 Allen, 114. *Lucas* v. *Trumbull*, 15

Gray, 306.    *Beecher* v. *Mayall*, 16 Gray, 376.    *Kimball* v. *Le-
land*, 110 Mass. 325.

WELLS, J.    Before the recent statutes, securing to married
women their separate rights of property, gifts *causa mortis* from
a husband to his wife were sustained.    2 Redf. Wills, *c.* 12, § 42,
pl. 13.    *Lawson* v. *Lawson*, 1 P. Wms. 441.    *Miller* v. *Miller*,
3 P. Wms. 356.    *Walter* v. *Hodge*, 2 Swanst. 92.    The proviso
that nothing in those statutes shall authorize the husband to con-
vey or give property to his wife, Gen. Sts. *c.* 108, § 10, does not
operate to render invalid what was before held to be valid.

Gifts *mortis causa*, like testamentary gifts, express the state of
mind and disposition of the donor towards the donee, and his
purpose in regard to the bestowal of his estate.    When there is
any ground for doubt as to the intent with which a delivery of
property was made, or whether in fact its possession was obtained
by delivery as a voluntary gift or in some other mode, evidence
tending to show a continuous and apparently fixed state of mind
and purpose, inconsistent with such alleged gift, existing previ-
ously thereto, may have a legitimate bearing upon the case to
affect the inferences to be drawn from the facts and circumstances
attending the transaction.

The precise state of the testimony in this case is not disclosed
upon the bill of exceptions.    It appears merely that " the defend-
ant claimed and introduced evidence tending to show " that the
bond "had been given to her by her husband " " as a *donatio
causa mortis;* " and that the plaintiff " claimed and introduced
evidence tending to show that no such gift was ever made."    In
this position of the case, we see nothing to justify the exclusion
of evidence offered to show the existence of a state of mind and
purpose in the supposed donor inconsistent with the alleged gift.

*Exceptions sustained.*