STEPHEN SPELMAN *vs.* BENNET ALDRICH & trustee.

Hampden.  Sept. 24, 1878. — Jan. 7, 1879.  AMES & SOULE, JJ., absent.

A pension check payable to the order of A. was received by his attorney from the United States pension office, and indorsed by A. The attorney then took the check and went with A. and his wife to a savings bank, and deposited, with their consent, a part of the amount of the check in the name of the wife, and gave her the rest of the amount. *Held,* that the amount deposited remained the property of the husband, and was liable to attachment by his creditors.

TRUSTEE PROCESS.  Writ dated July 23, 1874, returnable to the Superior Court.  The Woronoco Savings Bank, summoned as trustee, answered that, at the time of the service of the writ, it had in its hands and possession the sum of $200, standing in the name of Sarah E. Aldrich, and denied that it had any goods, effects or credits in its hands and possession in the name of Bennet Aldrich.  C. K. Lambson appeared as claimant of the funds in the hands of the trustee.  The defendant was defaulted; and the case was tried between the plaintiff and claimant before *Gardner*, J., without a jury.

It was agreed that the claimant was administrator of the estate of Sarah E. Aldrich, the deceased wife of the defendant, who died before any service of the process.  It appeared in evidence

that the defendant was entitled to a lapsed pension from the United States; that he applied to an attorney to get the pension restored; that the latter agreed to get it restored, on condition that, if successful, the defendant would give the amount received to his wife, that the draft for said amount should never go into the defendant's hands, that the attorney should retain the draft, and the defendant should indorse it, and that the attorney should then deposit it in a savings bank in the name of the wife as her property; that the defendant assented to this arrangement, and in pursuance thereof, three or four months after, the attorney obtained from the United States pension office a draft for about $300, payable to the order of the defendant; that thereupon the attorney sent for the defendant, who came to his office; that the attorney placed the draft upon the table before the defendant, who indorsed the same, not taking it up; that the attorney took the draft, sent for the defendant's wife, and the three went to the trustee bank, and in their presence the attorney deposited $250 in the bank in the name of Sarah E. Aldrich, she signing the bank-book, and receiving a book in her own name; and that the attorney gave her the balance of the amount of the draft, being about $50.

The plaintiff was a creditor of the defendant upon an account due before the above arrangement with the attorney was entered into; the defendant, in presence of his wife, promised to pay the plaintiff out of the pension money when received; while the application was pending, both husband and wife agreed that the plaintiff should be paid out of the pension money when received; when the draft was received, neither the defendant nor his wife had any visible property; and the arrangement with the attorney was made fraudulently, to prevent the money from being attached by the defendant's creditors.

The claimant admitted that no consideration passed between the defendant and his wife, and that the pension check was a voluntary gift by the husband to the wife through the intervention of the attorney; and asked the judge to rule that the pension was exempt from attachment, that it never came into the defendant's hands in other form than as exempted by law, and that the trustee should be discharged.

The judge refused so to rule; found the facts as above stated,

and that the draft was passed to the defendant by the attorney for the sole purpose of making it negotiable; ruled that the money in the hands of the trustee was not exempt from attachment by a creditor of the defendant; and ordered the trustee to be charged. The claimant alleged exceptions.

*G. M. Stearns,* for the claimant. 1. The agreement between the attorney and the defendant operated to convey the pension check, when it should arrive, to the wife. When the attorney received the check, he received it for the wife. It was not delivered to the defendant, but was indorsed by the defendant, not as an act of ownership, but to make it negotiable, so that it might be used by the wife. It was then delivered to the wife by making the deposit, with the consent of the defendant and his wife, in her name. Such a conveyance is not void under the U. S. Rev. Sts. § 4745. If it is, creditors cannot avoid it. It is for the protection of the pensioner, and strangers cannot set it aside The statute does not apply to a pension check, but only to some right in the grant itself, so that the pensioner may be deprived of the future benefit of the grant. The last half of the section makes provision for the protection of the "money" of "any person entitled to a pension" when it shall be ready for collection, showing that the earlier provision is limited to rights in the grant itself, and does not extend to the money when payable. Furthermore, the statute does not forbid contracts of gift, but only sales.

2. If the arrangement was void, and the present plaintiff can avail himself of the invalidity, the defendant could make a gift of the pension-check when received by the attorney. He could give it away then, as well as get it cashed at a bank He could give it to his wife apart from the rights of creditors, through a third person, or by depositing it in a savings bank, and thus perfecting a delivery. *Adams* v. *Brackett,* 5 Met. 280. *Ames* v. *Chew,* 5 Met. 320, 323. *Fisk* v. *Cushman,* 6 Cush. 20. *McCluskey* v. *Provident Institution for Savings,* 103 Mass. 300. *Whitney* v. *Wheeler,* 116 Mass. 490. The wife having died before service of process, and the husband never having reduced the *chose in action* to possession during her lifetime, the same passed to her administrator. 2 Bl. Com. 433–435. *Allen* v. *Wilkins,* 3 Allen, 321.

3. The conveyance or gift of the pension check to the wife was not invalid as against creditors, on the ground that Aldrich held it exempt from attachment by creditors. U. S. Rev. Sts. § 4747. *Stevenson* v. *White*, 5 Allen, 148. If the attempted conveyance before the collection of the pension was valid, there can be no doubt it was disposed of while exempted under the statute aforesaid. But if no valid disposal of the money had been made up to the time the check came to the attorney, it was still exempted in his hands, and the defendant might give it away. It was in "course of transmission," while in the hands of the intermediate collecting parties. *Kellogg* v. *Waite*, 12 Allen, 529. Furthermore, it was in "course of transmission" while represented by a pension check. By the U. S. Rev. Sts. § 4765, it is provided that pensions shall be paid by check, and a check is made an instrumentality of transmitting the money to the pensioner. Until he gets the money, it is "in course of transmission." But if it shall be held that the check was the "sum of money due" to the pensioner named in § 4747, and that the receipt of the same by the attorney was payment of the "money" to the defendant, then the money was exempt in the hands of the defendant, so long as the defendant held the identical money or check paid him by the United States. The statute provides that "no sum of money due, or to become due, to any pensioner, shall be liable to attachment," and it "shall inure wholly to the benefit of such pensioner." The creditors have no rights in that money. The "sum of money" is exempt until the pensioner uses it. It would be absurd to hold that the money is exempt before he gets it, while he can get no benefit from it, for he is forbidden to sell it, and that as soon as it is paid to him so that he can derive any benefit from it, the exemption ceases.

*M. B. Whitney*, for the plaintiff.

MORTON, J. We do not deem it necessary to discuss all the questions presented by the learned counsel for the claimant, because our opinion upon one of them is decisive of the rights of the parties.

The money in the hands of the trustee was deposited by the defendant in the name of his wife, but it was at no time her sole and separate property, free from the control of her husband, or from attachment by his creditors. A married woman cannot

acquire property to be held as her sole and separate property by gift from her husband. Gen. Sts. *c.* 108, § 10. Though such a gift may be so far valid as to give the wife a right to the property at the death of the husband, as against his heirs or executors, it is invalid as to his creditors. Property thus given remains the property of the husband during his life, and may be demanded by him or attached by his creditors. *Adams* v. *Brackett*, 5 Met. 280. *Ames* v. *Chew*, 5 Met. 320. *Thomson* v. *O'Sullivan*, 6 Allen, 303. *Gay* v. *Kingsley*, 11 Allen, 345. *McCluskey* v. *Provident Institution for Savings*, 103 Mass. 300.

It follows that, in this case, the credit in the hands of the trustee belonged to the defendant, and his creditors could attach it by the trustee process, irrespectively of the question whether the gift was made to the wife with a purpose of defrauding creditors. This question, and also the question whether at the time of the deposit the pension check was exempt from attachment, are immaterial. Even if, by the laws of the United States, the pension was exempt from attachment while it remained in the form of a pension check, the exemption certainly ceased after the money was drawn upon the check. *Kellogg* v. *Waite*, 12 Allen, 529. The money then became effects or credits in the hands of the bank belonging to the defendant, and was attachable by the plaintiff. *Exceptions overruled.*