SUSAN R. DUNHAM *vs.* ALEXANDER B. DUNHAM.

Nantucket. Oct. 30. — Nov. 6, 1879. COLT & AMES, JJ., absent.

Under a deed of land to " S. D., wife of A. D.," " to be held by said D. as a homestead," *habendum* " to the said S. D. and her heirs and assigns, to her and their use and behoof forever," the wife acquires a homestead; and if, after she has ceased to live with her husband and has obtained an absolute divorce from him, he continues to occupy the premises, no order having been made in regard to the land in the divorce proceedings, she may recover possession of them from him by a writ of entry.

WRIT OF ENTRY to recover a parcel of land in Nantucket. Plea, *nul disseisin*. Trial in the Superior Court before *Wilkinson*, J., who allowed a bill of exceptions in substance as follows:

The demandant derived her title to the demanded premises under a deed dated April 11, 1871, by which John R. Easton, "in consideration of $750 paid by Susan R. Dunham, wife of Alexander B. Dunham," conveyed the land in question with the dwelling-house thereon "unto the said Susan R. Durham." After the description of the premises was this clause: "to be held by said Dunham as a homestead." Then followed the habendum, "to the said Susan R. Dunham, her heirs and assigns, to her and their use and behoof forever."

At the time the deed was given, the demandant and tenant were living together as husband and wife; the entire consideration for the deed was paid by the husband, and no part thereof came from the wife. The tenant was then a householder having two minor children, and they occupied the premises together until February 1877, when the wife and children left, and the tenant has continued to occupy the premises to the present time. By a decree of the Supreme Judicial Court at November term 1878, in the county of Bristol, the demandant was divorced from the tenant, for the cause of extreme cruelty, and no order was passed respecting alimony or the property of the parties. Two children of the parties are living, one twenty-four years of age, and the other nineteen. The tenant is, and always has been, in possession of the premises, since the giving of the deed; and the demandant has not been in possession or occupation of any part of the premises since February, 1877.

Upon this evidence, the tenant asked the judge to rule that the demandant could not maintain her action. The judge refused so to rule, and directed a verdict for the demandant. The tenant alleged exceptions.

*J. Brown,* for the tenant.

*G. Marston,* for the demandant.

SOULE, J. The deed to the demandant contains a statement that the premises are to be held "by said Dunham" as a homestead. This must be interpreted as meaning that they are to be so held by the grantee. The habendum is to her and her heirs and assigns to their own use. A declaration that the premises were to be held as a homestead by a third person would make the deed inconsistent with itself.

Whether such a deed would give to the husband a homestead right, while the marriage relation continued between him and the grantee, it is not necessary for us to consider, because, if it did, such right was destroyed by the divorce in favor of the demandant. It would be a somewhat anomalous state of things which permitted a man to maintain such a right in the lands of the woman who had obtained a decree of divorce which released her from all relations and duties to him, and rendered it impossible that they should be members of the same family. And it is provided by the Gen. Sts. *c.* 107, § 40, that, on the dissolution of a marriage for any cause except adultery on the part of the wife, the wife shall be entitled to the immediate possession of all her real estate, in like manner as if her husband were dead. The only modification of this provision is in the St. of 1873, *c.* 371, § 7, which provides that, when a divorce is decreed for any cause, the court granting it may decree alimony to the wife, or any part of her estate to her husband in the nature of alimony. As no right or estate in the demanded premises was decreed to the tenant, in the divorce proceedings, his possession of the demandant's real estate, after the divorce, was without right, and she is entitled to judgment. *Exceptions overruled.*