NATHAN J. MARSHALL, administrator, *vs.* HANNAH JAQUITH.

Suffolk.   Nov. 24, 1882. — Jan. 9, 1883.   DEVENS & HOLMES, JJ., absent.

A husband may make a gift of personal property to his wife, which, if not revoked by him, will, after his death, give her a valid title to the property against his heirs, if, with the intention on his part to give it to her, the property is actually delivered to and retained by her, and no rights of the creditors of the husband are impaired.

APPEAL from a decree of the Probate Court, allowing the third account of the administrator of the estate of Joseph Marshall.   Hearing before *Field*, J., who found the following facts:

Joseph Marshall died intestate on July 15, 1877.   Five or six months before his death, being in health and not apprehending immediate death, he gave to his wife four $1000 and two $100 United States six per cent bonds in the following manner:   He called in his nephew, Joseph B. Marshall, and in his presence, and in the presence of the wife, took these bonds from his pocket and handed them to Joseph B. Marshall, and said, " I give these bonds to you to give them to your aunt; " and at the same time he said, " Look them over; I give them to your aunt; " and to his wife he said, " I give them to you; take them, and use them for your own use and support."   Joseph B. Marshall took them, examined them, and then handed them to his aunt, the wife.   She said, " Will this transaction stand law?" and Joseph Marshall said, " Yes, as this is positive proof."

Joseph Marshall, in handing these bonds to Joseph B. Marshall, did not intend to give the bonds to him, or to pass the title of the bonds to him, but did intend that the bonds should pass through his hands, that he might examine them and witness the transaction, and that they should then become directly the property of the wife.   The wife took the bonds and put them in a tin box, of which she had the key, and which she called hers, which originally was her father's box and on his death had fallen to her, but at what time prior to this gift of the bonds did not appear.   These bonds were kept by her in the box, with a few coins she called hers, separate and apart from the other property, notes and mortgages of Joseph Marshall, which were

kept elsewhere until after his death, when the bonds were delivered by the widow, as her own property, to the administrator to keep for her, and not as a part of the estate of Joseph Marshall. This gift in amount was reasonable in reference to the remaining property of Joseph Marshall, and there are no creditors whose debts have not been paid in full. Joseph Marshall never revoked or recalled this gift. The appellant is a child of the intestate, and is entitled to a distributive share of his estate. The bonds and their proceeds have, since the death of Joseph Marshall, been kept by the administrator as the agent of the widow, separate and apart from the assets or property of the estate, and a portion of the proceeds of the bonds has been applied by the widow towards her support since the death of her husband.

The judge ruled, as matter of law, that this gift was valid, after the death of Joseph Marshall, as against the appellant, and that the administrator was not to be charged with the value of these bonds in his account, and, in this respect affirmed the decree of the Probate Court; and, at the request of the appellant, reserved the case for the determination of the full court; such decree to be entered as law and justice might require.

*H. N. Sheldon*, for the administrator.

*W. F. Slocum*, for the appellant.

COLBURN, J. A husband may make a gift of personal property to his wife, which, after his decease, will give her a valid title to the property against his heirs. To accomplish this result, there must be an actual delivery of the property to the wife, with the intention to give it to her, a retention of the custody of the property by the wife, separate and distinct from other property of the husband, and rights of creditors of the husband must not be impaired. *McCluskey* v. *Provident Institution for Savings*, 103 Mass. 300. *Fisk* v. *Cushman*, 6 Cush. 20. *Adams* v. *Brackett*, 5 Met. 280.

Actual delivery to the wife of property which passes by delivery, and retention of the custody by her, are equivalent to the deposit of money, or the taking of certificates of stock or a promissory note, in her name. The title and possession of the property remain in the husband, during his life, the possession of the wife being in legal contemplation the possession

of the husband, and he may revoke the gift at any time, creditors may attach it as his property, and the wife can maintain no action at law in relation to it, in her own name, during the husband's life. *Spelman* v. *Aldrich*, 126 Mass. 113. *Towle* v. *Towle*, 114 Mass. 167.

The case is not affected by the Gen. Sts. *c.* 108, § 10, which did not restrict the rights of husband and wife as they existed before, but only provided that a husband should not give property to his wife, so that it should become her sole and separate property, like gifts from other persons. *Whitney* v. *Wheeler*, 116 Mass. 490. *Towle* v. *Towle, ubi supra.*

A husband may make a valid gift *causa mortis* to his wife, *Whitney* v. *Wheeler, ubi supra,* and between husband and wife the requisites and effects of gifts *inter vivos* and *causa mortis* are nearly identical. To establish gifts of this description, there should be clear, satisfactory and incontrovertible evidence, not only of the gift and delivery of the property, but of the separate custody of it by the wife. *Herr's appeal,* 5 Watts & Serg. 494. *George* v. *Spencer,* 2 Md. Ch. 353.

In the case at bar, everything necessary to constitute a gift, perfected in the wife, is found to have been established.

*Decree affirmed.*