LYDIA A. PORTER *vs.* ANNIE B. WAKEFIELD & trustee.

Suffolk. November 15, 1887. — January 7, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Husband and Wife — Pledge — Divorce — Trustee Process.*

Jewelry to the value of $600 was given by a husband to his wife, and was afterwards delivered by her to him, in pledge for money advanced by him to her. Subsequently he was divorced from her. In an action by a creditor against the woman, in which the former husband was summoned as trustee, the trustee admitted in his answer that the jewelry belonged to his former wife, and set up the pledge to himself. *Held,* that the pledge was invalid, and that the trustee was properly charged.

TRUSTEE PROCESS. Writ dated February 24, 1887. Cyrus Wakefield, summoned as trustee, answered, that, at the time of the service of said process upon him, he had in his possession certain jewelry of the defendant, namely, one pair of ear-rings and one cross, of the value in all of $600; and that he held the same as security for the payment to him by the defendant of the sum of $1336.88, which sum the defendant owed him.

In response to interrogatories filed by the plaintiff, the trustee answered that he and the defendant were married in this Commonwealth on January 17, 1871; that they were divorced here, by proceedings begun on December 17, 1885, in which a decree *nisi* was entered on May 3, 1886, which was made absolute on November 10, 1886; that, while they were husband and wife, he advanced certain sums of money to her, and, at her request, paid certain of her bills; that the jewelry in question was bought by him between 1873 and 1880, and was given by him to his wife; and that in December, 1885, it was handed to him by his wife, when no one else was present. The trustee declined to state what was said to him by the defendant at that time.

The Superior Court ordered the trustee to be charged; and he appealed to this court.

*L. S. Dabney*, for the trustee.

*E. M. Parker*, for the plaintiff.

FIELD, J. We need not consider whether clause 1 of the Pub. Sts. c. 169, § 18, providing that " neither husband nor wife shall be allowed to testify as to private conversations with each other," applies to the answers of a trustee in trustee process, or whether, if it does, a trustee can rely upon an agreement made with his wife in the presence of no other person, when he cannot be asked on interrogatories, or be permitted to state, what the conversations were which resulted in the agreement.

Taking the answers of the trustee most favorably for him, they show that he " advanced " money to his wife, or paid out money for her, at her request, and that she delivered to him the jewelry, which, as he admits, was her separate property, to be held by him as security for the payment of the money, and that afterwards he obtained against her an absolute divorce from the bonds of matrimony.

Our statutes do not authorize the transfer of property from the wife to the husband. Pub. Sts. c. 147, § 3. St. 1884, c. 132. Independently of statute, a husband might be a trustee of the separate property of his wife, but a pledge of a chattel by her to him as security for the payment of money which he had lent to her, or paid for her, does not constitute a trust. The statutes now authorize the gift of certain kinds of property, to a limited amount, by the husband to the wife, if not made in fraud of his creditors. Pub. Sts. c. 147, § 3. And, without the aid of the statutes, gifts by the husband to the wife, if the wife retains possession, have, after his death, been upheld, subject to the right of his creditors to have the property applied to the payment of their debts, if it is required for that purpose; and gifts by the wife to the husband would perhaps be upheld in like cases, subject to a similar right on the part of her creditors. *Marshall* v. *Jaquith*, 134 Mass. 138.

With these exceptions, our law regards transfers of property and contracts made directly between husband and wife as void, although property can be conveyed by one to the other through the intervention of a third person. *Motte* v. *Alger*, 15 Gray, 322. *Stetson* v. *O'Sullivan*, 8 Allen, 321. *Edgerly* v. *Whalan*, 106 Mass. 307. *Roby* v. *Phelon*, 118 Mass. 541. *Atlantic Bank* v. *Taverner*, 130 Mass. 487. *Fowle* v. *Torrey*, 135 Mass. 87. *Butler* v. *Ives*, 139 Mass. 202. *Kneil* v. *Egleston*, 140 Mass. 202. *Woodward* v. *Spurr*, 141 Mass. 283.

It appears by the answers of the trustee to interrogatories, that this jewelry was bought by him and given to his wife " between 1873 and 1880." It is not certain, therefore, whether it was given before or after the passage of the St. of 1879, c. 133. The trustee, however, in his answer and throughout his examination, does not contend that the jewelry is his property, but he expressly or impliedly admits that it is the property of the defendant, and he contends that he has a right to retain it as security for the payment of the money due from her to him.

If a contract of pledge was made between the husband and wife in this case, it was void as against her creditors. Whether the trustee process could have been maintained while the relation of husband and wife existed need not be decided. See *Robinson* v. *Trofitter*, 109 Mass. 478. This is no reason why it

should not be maintained after this relation has been dissolved by a divorce. See *Dunham* v. *Dunham*, 128 Mass. 34. This was not property which came to the husband by reason of the marriage, and no decree of the court in the libel for divorce was necessary to vest the title in her. Pub. Sts. c. 146, § 24.

*Judgment affirmed.*