GEORGE BROWN, administrator, *vs.* AURELIAN M. BROWN, administrator.

Suffolk.   December 6, 1898. — September 6, 1899.

Present: HOLMES, C. J., MORTON, BARKER, & HAMMOND, JJ.

*Practice on Appeal — Husband and Wife — Agency — Title to Deposit in Bank and to Note.*

If, upon the evidence in a probate appeal, a finding may be made either way on a question involved, and, as it is not to be assumed that the judge who heard the case made any erroneous ruling of law, if the evidence justifies any finding which will support the decision, then the decision will be sustained.

If a wife, as the agent of her husband, receives from his hands a sum of money with the understanding that it shall be so deposited as to be hers, and as his agent she delivers it while still his to a bank, and, still acting as his agent, directs the bank upon receiving the money to make a contract with her to deliver a like amount to her, and the bank, taking the money from her as the agent of her husband, does, in compliance with such directions, thereupon deliver to her, acting in her individual capacity, the bank book made out in her name, the bank has made a contract with her, and her title to the account is good.

If, in the settlement of an account due a husband, whose habit is to share his money with his wife, he receives from the debtor two checks, one for one half of the amount payable to him, and one for the other half payable to his wife, and the two checks are deposited in a bank on two accounts, one to the account of the husband and one to the account of the wife, the check payable to the latter becomes hers upon delivery to her, and if she subsequently draws out the money and lends it to a third person, it still remains hers.

APPEAL, by the administrator of the estate of Jennie M. Brown, from a decree of the Probate Court, disallowing certain items in his account. Hearing before *Barker*, J., who affirmed the decree, and the appellant appealed to the full court. The facts appear in the opinion.

*J. E. Abbott*, for the appellant.

*F. Ranney*, (*S. D. Elmore* with him,) for the appellee.

HAMMOND, J. This is an appeal from a decree of a single justice disallowing certain credits in the probate account of the appellant as administrator of his wife's estate.

There is no report of findings of fact or of rulings of law, but the case is before us upon the evidence, wholly oral, which was taken at the hearing. In such cases it is settled that the decision of the single justice on questions of fact will not be reversed unless it clearly appears to be erroneous, and, as it is not to be assumed that his rulings of law are erroneous, it follows that if the decree is warranted by any reasonable view of the evidence it is to stand. *Montgomery* v. *Pickering*, 116 Mass. 227. *Slack* v. *Slack*, 123 Mass. 443.

The items in dispute are four, namely, a deposit in the Suffolk Savings Bank, a deposit in the Provident Institution for Savings, a note of Alexander Williams, Jr. and Company, and two United States bonds ; and the only question is whether the property represented by these items was the property of the wife at the time of her decease.

We think the evidence would warrant a finding of facts as follows. The appellant and intestate were married in 1871, came to Boston shortly afterwards, and lived here until she died in April, 1895. At the time of her marriage she had a daughter by her former husband from whom she had been divorced. The appellant and his wife were of frugal habits, and he managed to save a considerable part of his earnings. His habit was to share these savings with his wife, keeping one half for himself, and providing the other half should go to her as her own money, to do with as she saw fit, his intention being to convey it absolutely to his wife. The case raises the question whether this intention was so far carried out as to make the title of the wife complete during coverture.

Although in this Commonwealth there has been much change

in the law regarding the relations of husband and wife and the power of a married woman to acquire property and make contracts, yet it is still the law here that, with certain exceptions as to wearing apparel and similar articles not material to this case, a married woman cannot acquire property by gift from her husband, though such a gift may be so far valid as to give the wife a right to the property at the death of her husband as against his heirs or executors but not against his creditors. Property thus given remains the property of the husband during his life, and may be demanded by him or attached by his creditors. Pub. Sts. c. 147, § 3. *Spelman* v. *Aldrich*, 126 Mass. 113. *Thomson* v. *O'Sullivan*, 6 Allen, 303. *Marshall* v. *Jaquith*, 134 Mass. 138. *Stimpson* v. *Achorn*, 158 Mass. 342.

But this rule of law is applicable only in the case of direct gifts, and does not prevent the transfer of property from the husband to the wife through a third person. Perhaps the most familiar illustration is where a conveyance of real estate is made by the husband to a third person and by him to the wife. Such a conveyance passes to the wife a valid and complete title to the land, although the sole purpose of the transaction is thus to pass the title, and there is no consideration moving from or to either of the parties, and the third party is a mere conduit for the passing of the title. *Motte* v. *Alger*, 15 Gray, 322. A husband may give and deliver personal property to a third person, who may straightway give and deliver the property to the wife; and this would be a valid transfer of the property from husband to wife, although the sole purpose of all parties was to make such transfer. But the gift cannot be made directly. There must be some contract between the husband and a third party, and between the third party and the wife, and the title of the wife must come by contract with that third party. If it appears that the title comes to her by such a contract, then it is good, if not fraudulent as to creditors, although the only consideration for the contract moves from the husband. *Sweeney* v. *Boston Five Cents Savings Bank*, 116 Mass. 384. *Porter* v. *Wakefield*, 146 Mass. 25, 27. But if the contract be made with the husband in the shape of a promissory note or a check, even if payable to the wife, and this instrument is given by the husband to the wife directly, then the gift is not good. *Spelman* v. *Aldrich*, 126 Mass. 113.

It becomes therefore necessary to inquire whether whatever title the wife had to this property came to her by a direct gift from her husband or by a contract with some third party. If by a direct gift from the husband, then no irrevocable title passed, and, as she did not survive him, he took it at her death. If, however, the title came by some contract with a third person, then, if it was the intention of all parties that the title should pass to her through the latter as a conduit, there is no principle of law which would prevent it from so passing, although the consideration moved entirely from the husband, and the contract with the third party was in accordance with the original agreement between him and the husband that it should be made, and all was one entire transaction.

We think that upon the evidence in the case a finding may be made either way on this question. But we are not to assume that the justice made any erroneous ruling of law, and if the evidence justified any finding which will support the decision, then the decision must be sustained.

As to the deposits in the savings banks we think the evidence would justify the finding of the following facts. The husband desired that one half of his earnings should go to his wife to be her own property, and he intended so to transact matters as legally to carry out that intention. And in pursuance of that intention he and his wife each had a bank book for the same amount. The wife carried the most of the money to the bank. Her own bank book was sometimes in her possession and sometimes in his, but when in his possession was kept by him for her and as her agent. The money deposited in the savings banks by the wife was placed in her hands by her husband, with the understanding that it should be so deposited as to be hers, and that the business should be so done as legally to carry out that intent. She carried the money to the banks under those instructions. She had the deposits made in her name, and it may be assumed that when she obtained a bank book she signed the register at the bank; but whether she did so or not, the delivery of the bank book to her was the evidence of the contract between her and the bank, which was in substance to hold a sum of money for her and to be answerable to her for it. She thereafterwards, with the full knowledge and consent of

her husband and in accordance with his original intention, claimed this money as hers and treated it as such; and they both supposed it was hers.

If the wife as the agent of her husband received this money from his hands, and as his agent delivered it while still his to the bank, and, still acting as his agent, directed the bank upon receiving the money to make a contract with the wife to deliver a like amount to her, and the bank, taking the money from her as the agent of her husband, did, in compliance with the directions given by her as such agent, thereupon deliver to the wife, acting in her individual capacity, the bank book made out in her name, then the bank has made a contract with the wife, and her title to the account is good. She gets a title not by gift from the husband but by contract with the bank, and the account is hers. And we are of opinion that the evidence would warrant a finding that in making the deposits she did thus act as his agent, and that in receiving the bank book she did thus act in her individual capacity, and in this way the real intentions of both husband and wife are carried out according to law. Her agency for her husband continued up to the time the title to the money passed to the bank, and then the bank makes the contract with her as an individual.

In this aspect of the case it is distinguishable from *Spelman* v. *Aldrich*, 126 Mass. 113, and similar cases, where the gift from the husband to the wife is direct and before the deposit is made in the bank.

Of course if the gift is directly to the wife, she acquires no title no matter what she may afterwards do with the property.

And the same principle applies to the Williams note. In the settlement with Chamberlain and Company the husband received $8,000. The settlement was made by giving to him a check for $4,000 payable to him, and one for $4,000 payable to his wife. These two checks were deposited in the Boston Safe Deposit and Trust Company on two accounts, one to the account of his wife and one to his own account. These checks were received in accord and satisfaction of the claim of the husband, and the check to the wife became hers upon delivery to her. We think the evidence would warrant a finding that the business was conducted in that way. When she sub-

sequently drew out the money and lent it to Williams, it still remained hers.

As to the bonds the court may have found that they were purchased by the money of the wife.

The exception to the exclusion of the evidence was waived at the argument.                    *Decree affirmed.*