MALCOLM McLAUGHLIN, trustee in bankruptcy,
*vs.* ALLEN C. JONES & another.

Suffolk.     October 14, 1922. — December 1, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Husband and Wife. Gift. Evidence, Inference, Of intent.*

An intent on the part of a husband either to ratify, after the enactment of St. 1920, c. 478, gifts of articles of personal adornment made by him to his wife before the enactment of that statute and void under R. L. c. 153, § 3, because in excess of $2,000, or to make a present gift of such articles after the enactment of the statute cannot be inferred as a matter of law from the mere fact that, after the enactment of the statute, the wife retained possession of the property without any attempt by the husband to obtain its return.

BILL IN EQUITY, filed in the Superior Court on May 17, 1921, and afterward amended by the trustee in bankruptcy of Allen C.

Jones against Allen C. Jones and his wife, Fay St. Clair Jones, seeking a decree requiring the defendant Fay St. Clair Jones to deliver to the plaintiff certain gifts, made to her by her husband and described in the opinion.

In the Superior Court, the suit was heard by *Keating*, J., by whose order a final decree was entered "that the gift from the defendant Allen C. Jones to the defendant Fay St. Clair Jones, who is the wife of Allen C. Jones, of a diamond ring, or a diamond No. 692, 2.79 carats, costing about $2,500 on or about December 1, 1919, and the gift from said Allen C. Jones to said Fay St. Clair Jones, of a sapphire pendant costing about $3,000 on or about December 18, 1918, are void, being gifts from husband to wife, in violation of the provisions of R. L. c. 153, § 3, as before said December 18, 1918, said Allen C. Jones had made other gifts to his wife aforesaid for personal ornament, or wearing apparel, or necessary personal use costing more than $2,000; . . . that said Fay St. Clair Jones shall deliver to the plaintiff said ring, or diamond No. 692, 2.79 carats, and said sapphire pendant forthwith." The defendant Fay St. Clair Jones appealed.

The case was submitted on briefs.

*F. Juggins & R. E. Evans*, for the defendant Fay St. Clair Jones.
*D. Stoneman & C. S. Hill*, for the plaintiff.

PIERCE, J. This case comes before this court on an appeal from a final decree of a judge of the Superior Court in favor of the plaintiff, based on facts which are charged in the bill, admitted in the answer, and found as facts in the order for the decree. The only question therefore is whether the decree corresponds to the allegations and prayers of the bill and with the rules of law applicable thereto. *Kerse* v. *Miller*, 169 Mass. 44.

The facts charged in the bill as amended and admitted by the answer are that the defendant Allen C. Jones on December 1, 1919, gave to his wife, the defendant Fay St. Clair Jones, a diamond ring costing about $2,500; that on or about December 18, 1918, he gave to her a sapphire pendant costing about $3,000, and that in or about February, 1918, he gave to her his interest in an automobile which cost $4,500. Upon unreported evidence, the judge found that "Allen C. Jones had made other gifts to his wife aforesaid for personal ornament, or wearing apparel, or necessary personal use costing more than $2,000." Allen C. Jones

filed his petition in bankruptcy on December 7, 1920. The bill of complaint, filed by the plaintiff as trustee in bankruptcy of the said Allen C. Jones, on May 17, 1921, against Allen C. Jones and his wife Fay St. Clair Jones, prays among other prayers that the defendant Fay St. Clair Jones be. ordered forthwith to surrender to the plaintiff said automobile, said sapphire solitaire (pendant) and said diamond solitaire (No. 692, 2.79 carats). The bill also contains a prayer for general relief.

On the facts admitted by the answer, with the additional facts as to other gifts found by the judge, the title to the pendant, and to the diamond, and the right to an immediate possession thereof remained with the husband; and the gifts of them to the wife as matter of law were void as to creditors and as to all persons claiming title thereto by, through, or under the donor. *Baxter* v. *Knowles,* 12 Allen, 114, 116. *Spelman* v. *Aldrich,* 126 Mass. 113, 117. *Marshall* v. *Jaquith,* 134 Mass. 138. *Stimpson* v. *Achorn,* 158 Mass. 342. R. L. c. 153, § 3.

The defendant concedes that the alleged gifts were revocable by the husband and were void as against creditors and persons claiming title under the husband at common law and under R. L. c. 153, § 3, but contends upon the facts found that the attempted transfer of title acquired validity upon the enactment of St. 1920, c. 478, which preceded the petition in bankruptcy of Allen C. Jones, filed December 7, 1920, and which reads, "Gifts of personal property between husband and wife shall be valid to the same extent as if they were sole." The defendant does not contend that St. 1920, c. 478, is retroactive, vitalizing lifeless gifts theretofore made between husband and wife, but argues that the permitted retention of the possession of the attempted gifts after the passage of the statute of 1920, is in law sufficient evidence of an intention to make a present gift of the property and to ratify and confirm the previous invalid gifts, in the absence of facts which would make such gifts fraudulent as to creditors. We do not think an intention of the husband to make gifts of the property to his wife sprang into existence on the enactment of St. 1920, c. 478, or that thereupon an intent to ratify his previous gifts to his wife could be inferred as a matter of law from the mere fact that she retained possession of the property after the passage of the statute without any attempt by the husband to obtain the return of the same.

On the admitted facts we are of opinion that prior to the filing of the petition in bankruptcy the husband could have transferred the title to the property which he claims to have given to his wife and that it could have been levied upon and sold under judicial process against him. It follows that the decree must be affirmed.

*Ordered accordingly.*