No. 14183        Municipal        Suffolk, ss.
LADNER                          (Edward E. Cohen)
v. MAGIC-AIRE NEW ENGLAND CO., INC.
                        (Wasserman & Wasserman)
From the Municipal Court of Boston—Putnam, J.
Argued October 6, 1941—Opinion Filed November 21, 1941

TOMASELLO, J. (Zottoli, J. & Donovan, S.J.)—In an action of contract the plaintiff seeks to recover for money paid to the defendant under an agreement as alleged in a substituted declaration reading as follows:—

"And the plaintiff says that on or about December 3, 1940 at the request of Philip Holmes, the President, Treasurer and Clerk of the defendant corporation, your plaintiff gave to him the sum of two hundred dollars upon the following agreements:—That your defendant was to furnish one Marville W. Scott, of Brookline, in our Commonwealth of Massachusetts, five Magic-Aire Vacuum Cleaners Model #200. Upon the sale of these machines by said Scott, these machines being sold on time and under a conditional sales contract, upon the acceptance of these contracts by a finance company, your defendant would be paid by said finance company for said machines and in that event your defendant promised to return

forthwith to your plaintiff the aforementioned two hundred dollars. Pursuant to this agreement and arrangement, said Scott sold said five machines. Said contracts were accepted by said finance company. Said defendant was paid for said five machines by said finance company. Demand was made upon your defendant on February 3, 1941, for the return of said two hundred dollars in accordance with the aforementioned agreement and was refused by your defendant. Said demand having been made by your plaintiff to your defendant at the defendant's place of business. Wherefore your defendant owes your plaintiff the sum of two hundred dollars."

The Court made the following special finding of fact:

"I find that the parties made the contract set out in the substituted declaration and testified to by the plaintiff. There was ample evidence and I find that the finance company paid the defendant. I find that the defendant did not repay the $200.00 to the plaintiff."

° The denial of defendant's four requests is made the subject of review by this division upon the report of the trial judge.

The denial of the first request was proper since under Rule 28 of the Municipal Court of Boston, the trial judge was not required to set out all the credible evidence upon which he based his finding but as indicated in his special findings sufficient facts to apprise the parties of the reasons for the conclusion arrived at by him.

Request No. 2 being in reality a general request "on all the evidence" and "on the law" was rightfully denied and is not reviewable as of right for lack of specifications. *Delamano* v. *Francis,* 308 Mass. 502.

Request No. 3 was properly disposed of as the declaration, in accordance with Mass. Gen. Laws (Ter. Ed.) Chapt. 231, sec. 7, fully set forth sufficient substantive facts and a narration of the cause as to have enabled the defendant to be aware of that to which he was required to plead and the trial judge to arrive at a just legal conclusion. It was sufficiently definite as to the parties, consideration, agreement, its breach, and the obligations of the parties to one another.

Evidently, as argued by counsel, it was sought by this request to call the attention of the trial judge to an alleged variance between the allegations in the plaintiff's declaration and proof thereof.

The request was insufficiently drawn for this purpose.

The proper from and method of taking advantage of the insufficiency of the declaration as not stating a valid cause of action should have been by demurrer. *Thomson* v. *O'Sullivan,* 6 Allen 303.

There was no error to the denial of the fourth request since it concerned assumed facts not found. *Butrick* v. *Tilton,* 155 Mass. 461, 463, *Schlatter* v. *Young,* 197 Mass. 36, 39.

The order is: Report dismissed.