KATHERINE A. SPALDING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7302.   Promulgated July 8, 1927.

The petitioner transferred stock in one corporation, held for investment, in return for stock in another corporation of a like kind and use. Each lot of stock being held by petitioner as an investment, there was an exchange, resulting in no taxable income under section 202 (c) (1), Revenue Act of 1921.

*Burton E. Eames, Esq.*, for the petitioner.
*J. S. Halstead, Esq.*, for the respondent.

This is a proceeding to redetermine a deficiency in income tax for the year 1922, amounting to $784.80. The question is whether there was a sale of shares of stock from which petitioner derived a profit or whether the transaction was an exchange of property upon which no gain or loss should be recognized.

### FINDINGS OF FACT.

On January 10, 1921, petitioner purchased 200 shares of preferred stock of the Corning Glass Works for $98 a share, from Estabrook & Co. of Boston, Mass. Estabrook & Co. is a firm of stock and bond investment brokers of which petitioner's husband is a member.

In the latter part of 1922, petitioner's husband advised her to exchange said stock with his firm for shares of preferred stock of the William Whitman Co. At that time Estabrook & Co. owned several thousand shares of such stock. On or about December 1, 1922, certificates for the 200 shares of Corning Glass Works stock, duly indorsed by petitioner, were delivered to Estabrook & Co., and she received for them certificates for 220 shares of preferred stock of the William Whitman Co., from the stock owned by the firm. When Estabrook & Co. received the Corning Glass Works stock it was entered on its books in the firm's own account.

On December 1, 1922, the market value of Corning Glass Works preferred stock was $110 a share and the value of the 200 shares was $22,000. On this date William Whitman Co. preferred stock was worth $100 a share and the 220 shares had a value of $22,000. At that time there was an accrued dividend of $400 on the first mentioned stock and of $256.66 on the latter. The petitioner received a check from Estabrook & Co. for the difference of $143.34.

A statement was mailed to petitioner by Estabrook & Co. reading as follows:

DECEMBER 1, 1922.

Sold to Mrs. Katherine A. Spalding:

| | | |
|---|---|---|
| 220 Wm. Whitman Company preferred, at 100 | $22,000.00 | |
| Dividend from Oct. 1st ms. at 7% | 256.66 | |
| | | $22,256.66 |
| Credit proceeds: | | |
| 200 shares Corning Glass Works preferred | | 22,400.00 |
| Balance due her | | 143.34 |

Check herewith.

The Corning Glass Co. stock had been held by petitioner as an investment, and after acquiring the William Whitman Co. stock, she held it for the same purpose. Each of these companies is engaged in manufacturing and is what is termed, in the parlance of the securities market, an "industrial."

OPINION.

Love: Section 202 (c) (1), Revenue Act of 1921, provides:

(c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property * * * no gain or loss shall be recognized—

(1) When any such property held for investment * * * is exchanged for property of a like kind or use.

The respondent does not question that each lot of stock was held for investment, or that the William Whitman Co. stock was property of a like kind or use. His position is that there was a sale of the Corning Glass Works stock, and petitioner realized a profit thereon which is taxable. He argues that petitioner has not sustained the burden which is upon her of proving an exchange within the meaning of the statute. In support of his position he relies largely on the statement which was mailed by Estabrook & Co. to petitioner. This statement shows the transaction as though petitioner purchased the William Whitman Co. stock with proceeds from the sale of the Corning Glass Works stock.

However, the uncontroverted evidence of what was actually done shows the essential elements of an exchange. The difference between a sale and an exchange is that in the former property is transferred in consideration of an agreed price expressed in terms of money, while in an exchange property is transferred in return for other property without the intervention of money. 23 C. J., p. 185. Here petitioner owned shares of stock of one corporation; Estabrook & Co. owned shares of another. She transferred her stock to Estabrook & Co. and the latter transferred to her in return stock which they owned of the other corporation, and each thereafter owned and held the stock thus acquired. There was no intermediary or any intermediate transfer. The fact that there was an adjustment of the accrued dividends in which money passed does not affect the nature of the transaction. Each party could have reserved his accrued dividend without affecting the transfer of ownership of the stock. The written statement upon which respondent relies apparently is on a form which was used generally by Estabrook & Co. It is entitled to weight but it is not conclusive and we think it is overcome by the convincing evidence of what was actually done by the parties.

*Judgment will be entered for the petitioner on the issue raised, on 15 days' notice, under Rule 50.*