GRAY-BARKLEY CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13623.   Promulgated April 11, 1928.

*E. S. Parker, Esq.*, and *J. Gilmer Korner, Jr., Esq.*, for the petitioner.

*Brice Toole, Esq.*, for the respondent.

**501**

OPINION.

Siefkin : At the hearing the petitioner abandoned its first assignment of error and the sole question to be decided is whether the respondent erred in refusing to allow as a deduction from income in 1921, the amount of $19,000, alleged loss sustained by the petitioner upon the sale of certain stock.

The evidence discloses that at organization the petitioner received 1,500 shares of stock in the Priscilla Spinning Co., which was obtained by the predecessor partnership in 1920 for $100 per share. At the time acquired by the petitioner, 50 per cent of this had been paid for. The petitioner was also the owner of 200 shares of stock in the Grace Cotton Mills, which it had acquired for $20,000 in 1920.

In order to establish a loss in 1921, the petitioner decided to sell certain of its stock and Charles D. Gray, one of the officers of the petitioner, in conformity with certain control agreements which he had entered into, purchased, in December, 1921, 500 shares of the Priscilla Spinning Co. stock at $70 per share for which he gave a note for $10,000 and assumed the $25,000 remaining to be paid upon the original cost of this stock. He also purchased 200 shares of the Grace Cotton Mills stock at $80 per share, giving his note for $16,000. The testimony and evidence indicate that the market value of the stock purchased was about the same as the price paid.

In January, 1924, Charles D. Gray sold the Priscilla Spinning Co. stock back to the petitioner at $70 per share and also sold the Grace Cotton Mills stock back to the petitioner at $80 per share. In return for the Priscilla Spinning Co. stock, the petitioner surrendered to Gray his note for $10,000, which he had previously given, and also assumed all amounts due upon such stock. As payment for the Grace Cotton Mills stock petitioner surrendered to Gray the note for $16,000 which he had previously given the petitioner.

Each of the witnesses testified that at the time the stock was sold to Charles D. Gray there was no agreement, express or tacit, that the petitioner should, at any time, repurchase this stock. It was simply sold by the petitioner in order to establish a loss during 1921. This

intention of the petitioner in no way affected the validity of the sale. In *John A. McCandless*, 5 B. T. A. 1120, we stated:

The taxpayer admits that the transfer described in paragraph 4 of the findings was made in order that he might deduct a loss for the taxable year. If the transaction was a sale, the taxpayer's admission expresses a perfectly legal intent. *United States* v. *Isham*, 17 Wall. 496; *Appeal of Pa. Co. for Insurance, etc.*, 2 B. T. A. 48; *Appeal of Benjamin T. Britt*, 2 B. T. A. 53; *Appeal of Harold B. Clark*, 2 B. T. A. 555.

Nor do we consider that the subsequent repurchase of this stock by the petitioner in any way invalidates the sale in 1921. The testimony shows that Gray resold the Priscilla Spinning Co. stock to the petitioner in order to relieve himself of indebtedness to the Priscilla Spinning Co. because that company, of which he was an officer at the time, was making a drive to collect payment for stock from delinquent stockholders. The Grace Cotton Mills stock was resold to the petitioner because the bank to which the petitioner owed money suggested that it clear up the indebtedness of the petitioner's officers to the petitioner in order to be able to present a better financial statement to the Federal Reserve Bank System.

In *Luce Furniture Co.*, 9 B. T. A. 1413, we allowed as a deduction from income losses sustained upon the sale of stock by a corporation to its officers, directors and employees. In that case, the corporation, after having sold one lot of the stock of a warehouse company at a loss, invested further amounts in such stock at par the next year. It was held that this was in conformity with sound business and did not affect the validity of the sale of stock. In that case the respondent contended that the sales were not bona fide and relied upon the decision in *M. I. Stewart & Co.*, 2 B. T. A. 737. However, in that case, one reason for holding that the transfer of stock to officers of the corporation at a price below par was not bona fide, was because at the time of sale the stock was reasonably worth its cost to the corporation. In that case it further developed that the two owners of the capital stock of the petitioner, simultaneously with the above transaction, purchased other like stock at par value.

We must conclude that the petitioner, in the instant proceeding, is entitled to deduct from taxable income for the year 1921, the sum of $4,000 representing loss on the sale of the Grace Cotton Mills stock, and $15,000 representing loss on the sale of the Priscilla Spinning Co. stock.

*Judgment will be entered on 15 days' notice, under Rule 50.*