ETHEL GARY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. W. GARY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33355, 33356, 34370, 34371. Promulgated February 17, 1930.

*Robert Ash, Esq.*, for the petitioners.
*P. M. Clark, Esq.*, for the respondent.

## OPINION.

TRAMMELL: The parties have stipulated that there is an overpayment of tax in the amount of $83.41 in Docket No. 33355, and that there is a deficiency of $1,057.32 in Docket No. 33356. This leaves for our consideration the issue raised in Docket Nos. 34370 and 34371, which involves the question whether the transfer in 1923 of the partnership assets to the corporation in exchange for stock gave rise to a profit taxable to the petitioners.

The Revenue Act of 1921 provides in the part pertinent here as follows:

SEC. 202. (c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

\* \* \* \* \* \* \*

(3) When (A) a person transfers any property, real, personal or mixed, to a corporation, and immediately after the transfer is in control of such corporation, or (B) two or more persons transfer any such property to a corporation, and immediately after the transfer are in control of such corporation, and the amounts of stock, securities, or both, received by such persons are in substantially the same proportion as their interests in the property before such transfer. For the purposes of this paragraph, a person is, or two or more persons are, "in control" of a corporation when owning at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

The deficiencies which we are here called upon to redetermine result in their entirety from the action of the respondent in including in the petitioners' income the excess of the partnership assets over the par value of the corporation's stock. The respondent has not filed any brief in these proceedings, nor did his counsel at the hearing suggest any reason as a basis for the action taken. The only information we have with respect to the respondent's position is the statement contained in the deficiency letters to the effect that the excess of the assets over the par value of the stock was included as partnership income due to the fact that the petitioners " did not have a sufficient credit balance of the partnership assets over the liabilities to be issued at least 80% of the capital stock in the W. W. Gary Lumber Company, Incorporated, as provided in Section 202 (c) (3) of the Revenue Act of 1921."

We do not know to what extent the partnership assets exceeded the liabilities, but the ground indicated in the deficiency letters for respondent's determination is not sufficient in our opinion to hold that the transaction was of such a nature that it could result in either a taxable gain or deductible loss under the statute. In order to come within the provisions of the law above quoted, it is only necessary for the petitioners to show (1) that they transferred property to the corporation and (2) immediately after such transfer they were in control of the corporation, and (3) that the amounts of stock received were in substantially the same proportion as their interests in the property before such transfer. *Ralph L. Evans*, 8 B. T. A. 543.

The undisputed evidence clearly establishes the essential facts. The petitioners transferred property to the corporation, to wit, the partnership assets, of which each owned 50 per cent; immediately after such transfer, the petitioners were " in control " of the corporation, within the meaning of that term as defined in the statute, since they owned more than 80 per cent of its voting stock, which was the only class of stock issued, and the amounts of stock received by the petitioners were in exactly the same proportion as their interests in the property before the transfer. The respondent erred in determining that the transaction resulted in a profit taxable to

the petitioners. *Ralph L. Evans, supra; Sylvester W. Labrot et al.,* 18 B. T. A. 332 .

> *In Docket No. 33356, judgment will be entered in accordance with the stipulation of the parties. In Docket No. 34370, judgment will be entered under Rule 50. In Docket No. 34371, judgment of no deficiency will be entered for the petitioner.*