*224 OPINION.
Goodeich::
The fundamental controversy here is whether petitioner sold his stock in the Marine Midland Corporation or ex *225 changed it for stock in the Midland Equities, Inc. If he made a sale of it, as he contends he did, he may deduct from his income the loss claimed, no dispute being raised as to its amount. If he made an exchange of stocks, as respondent has determined he did, the loss claimed may not be recognized, for the transaction falls within the provisions of section 112 (b) (5) of the Revenue Act of 1928,[1] as a transfer of property to a corporation solely in exchange for its stock. Consequently, we must determine upon the facts before us not what petitioner intended to do, not what he might have done, (see J. D. Bigger, 19 B.T.A. 797), but what he did. Ralph J. Chandler Shipbuilding Co., 22 B.T.A. 5. In our opinion, the agreed statement of facts (and we have no other evidence) shows indisputably that there was no exchange of stocks, as that term is used in the statute, but that petitioner sold one stock and bought another. The very wording of the stipulation forestalls any other conclusion. It states that petitioner “ subscribed for and acquired at a total cost of $3,212.50 in cash ” his Midland Equities stock. That language stipulates a purchase by him. The terms describing the disposition of his Marine Midland stock are equally unambiguous. It was “ purchased ” by Midland Equities, Inc., and he received from that company “ in payment of the purchase price thereof, the sum of $3,200.00.” That language stipulates a purchase by the corporation and, necessarily, a sale by petitioner. See Pinellas Ice & Cold Storage Co., 21 B.T.A. 425; affd., 287 U.S. 462, citing Williamson v. Berry, 8 How. 495, 543. These descriptions of the transactions are not recitals contained in corporate minutes, or other expressions of professed intentions of the parties, nor do they serve to delineate merely the form of the transaction, through which we may look to substance to determine what actually occurred. They are facts submitted to us by the parties, and we find nothing in the agreed statement to indicate that they are untrue or that, for other reason, the stipulation should be rejected. We conclude therefore, that there was no exchange of stocks, but that petitioner did just what he claims he did, namely, sold one stock and purchased another. J. Hampton Hoult, 24 B.T.A. 79 (petition for review dismissed, 59 Fed. (2d) 1055); Minnie C. Bracket, Administratrix, 19 B.T.A. 1154; affd., 57 Fed. (2d) 1072; Sarther Grocery Co., 63 Fed. (2d) 68; affirming 22 B.T.A. 1273; Katherine A. Spalding, 7 B.T.A. 588; B. F. Saul, 4 B.T.A. 639; E. H. Nielsen Co., 26 B.T.A. 223.
*226 The arguments advanced by respondent upon brief urging us to a contrary conclusion tend mainly to suggest possible inferences casting doubt upon the bona fides of the sale. Of course, if the sale was not bona fide, petitioner would not be permitted to deduct the claimed loss from his income. Harold B. Clark, 2 B.T.A. 555; M. I. Stewart & Co., 2 B.T.A. 737; Harold F. Seymour, 27 B.T.A. 403; Oscar F. C. Kunau et al., Trustees, 27 B.T.A. 509. There is no evidence here that petitioner failed to part with his property definitely and without reservation, that he retained any control over it, or ownership in it, or that there was any prearrangement between him and the purchaser respecting its resale or recovery. True, petitioner became a stockholder in the corporation which purchased the stock from him, but he did not thereby retain the ownership and control of the stock which he had when it was in his hands for ownership of its assets by a corporation is not ownership by its stockholders. 1 Fletcher, Corporations 50; Regal Shoe Co., 1 B.T.A. 896; Evelyn F. Gregory, 27 B.T.A. 223; Burnet v. Clark, 287 U.S. 410. And even though the primary motive for his sale was to establish a loss, as respondent contends, that fact would not make the loss unallowable, Guarantee Title & Trust Co., 10 B.T.A. 599; Gray-Barkley Co., 11 B.T.A. 499; Andrew J. Peters, 28 B.T.A. 976; and cases there cited.
The case of Sylvester W. Labrot, 18 B.T.A. 332; affd., 57 Fed. (2d) 413, upon which respondent relies, is distinguishable from the case at bar. That case arose under the Revenue Act of 1921, and the decision was specifically rested on section 202 (c) (3) of that act, which differs from the controlling provisions of the 1928 Act in that under the former it was necessary only that the property be transferred to the corporation, whereas the later act requires that the property be transfered solely for stock or securities in such corporation, the requirements as to control of the corporation after the transfer being the same. Ralph L. Evans, 8 B.T.A. 543; Ethel Gary, 18 B.T.A. 1204. See also “ Notes on the Revenue Act of 1924,” Magill, 24 Columbia Law Review, 836, 843; and discussion pertaining to section 203 (b) of the Revenue Act of 1924 in Gregg Statement before the Senate Committee on Finance. Moreover, in the Labrot case, because of the wide divergence between the cost of the property and the price at which it was transferred to the corporation, the appellate court inferred that the sale was not bona fide.
Reviewed by the Board.

Judgment will be entered for the petitioner.

Seawell and Adams dissent.

 No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and Immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.