FASHION CENTER BUILDING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JACOB STEINBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 63825, 71715. Promulgated September 14, 1934.

*Oscar Moss, C.P.A.,* for the petitioners.
*T. F. Callahan, Esq.,* for the respondent.

OPINION.

ADAMS: These proceedings involve the income tax liability of the Fashion Center Building Co., a California corporation, for the calendar year 1928, and the liability of Jacob Steinberg, an individual, as transferee. The tax proposed by respondent is $11,565, plus penalty thereon of $2,891.25.

The facts are stipulated, and the stipulation is included herein by reference as our findings of fact. The petitioner, Jacob Steinberg, concedes that, in the event we find Fashion Center Building Co. liable for the tax, he is liable as transferee.

The facts are summarized as follows:

During the year 1923 Jacob Steinberg, an individual, acquired a vacant lot at the cost of $240,000, $60,000 of which was paid in cash, the balance represented by notes secured by a lien on the property conveyed to him. Prior to the year 1925 Steinberg paid $5,000 on these notes. During the year 1925 he received $11,875 net for an easement. During the year 1927 Steinberg transferred the property, subject to encumbrances of $175,000, to the Fashion Center Building Co., the petitioner here, and received therefor 2,249 shares of the capital stock of the company, the company assuming the encumbrances of $175,000 against the property.

The Fashion Center Building Co. was organized in 1927, under the laws of the State of California, with an authorized capital stock of $250,000, divided into 2,500 shares of a par value of $100 each. Two hundred and fifty-one shares of its capital stock were sold at par for cash and 2,249 shares were issued to Jacob Steinberg in the manner above set out.

Immediately after the transfer of the vacant lot to the Fashion Center Building Co., Jacob Steinberg owned more than 80 percent of the outstanding capital stock of the corporation.

During the year 1928 the Fashion Center Building Co. sold the vacant lot for a total consideration of $375,000, payable by immediate liquidation by the purchaser of the mortgages on the property in the amount of $175,000, the remainder, $200,000, being evidenced by an installment note payable over a period of five years from February 8, 1928. During the year 1928, before any payments were received thereon, the Fashion Center Building Co. distributed the installment note of $200,000 to Jacob Steinberg, and was dissolved by order of the Superior Court of the State of California.

The Fashion Center Building Co. did not file a Federal income tax return for the year 1928, and the transaction regarding the transfers of the property was covered by individual income tax returns.

Under these facts petitioners present two issues. Issue (1), as stated in petitioners' brief, is: "The Commissioner erred in de-

termining that the Fashion Center Building Company realized any taxable gain from the disposition of an installment obligation during the calendar year 1928." On this issue they relied upon three points, as follows:

(a) The sale of the property by Jacob Steinberg to the Fashion Center Building Company was a transaction wherein, under the provisions of Sec. 203(d)(1) of the Revenue Act of 1926, gain was recognized to Jacob Steinberg in an amount not to exceed $175,000.

(b) The basis for determining the gain or loss from the sale of the property acquired by the Fashion Center Building Company from Jacob Steinberg was, under the provisions of Sec. 113(a)(8) of the Revenue Act of 1928, the adjusted cost to Jacob Steinberg, increased in the amount of gain recognized to Jacob Steinberg upon the sale of the property to the Fashion Center Building Company.

(c) The Fashion Center Building Company did not derive taxable gain upon the disposition of an installment obligation during the year 1928, under Sec. 44(d) of the Revenue Act of 1928, for the reason that the fair market value of the obligation transferred did not exceed the basis of said installment obligation in the hands of the Fashion Center Building Company.

Petitioners contend under (a) above, that the sale of the lot by Jacob Steinberg to the Fashion Center Building Co. was a transaction wherein gain was recognized to Jacob Steinberg in an amount not to exceed $175,000; that the Fashion Center Building Co. purchased the property at a price of $399,900, being $175,000 indebtedness assumed, plus $224,900, value of capital stock issued; that the cost of the adjusted basis of the property to Jacob Steinberg was $228,125; that the gain to Steinberg upon the sale was, therefore, $171,775.

The pertinent provisions of the Revenue Act of 1926 are as follows:

SEC. 203. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.

\*          \*          \*          \*          \*          \*          \*

(b) (4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

Petitioners contend that although there would have been no gain or loss under the above quoted provisions of the statute to Jacob Steinberg, yet section 203 (b) (4), as quoted above, modified by section 203 (d) is as follows:

(d) (1) If an exchange would be within the provisions of paragraph (1), (2), or (4) of subdivision (b) if it were not for the fact that the property

received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

Petitioners say that this section applies by reason of the fact that the Fashion Center Building Co. assumed the indebtedness on the property conveyed to it, amounting to $175,000, and that this was other property under the terms of section 203 (d) (1) quoted above. With this contention of petitioners we cannot agree.

The liabilities assumed by the corporate vendee are not treated as " other property " received as referred to in the above quoted section; *Ethel Gary*, 18 B.T.A. 1204; *Paradox Land & Transport Co.*, 23 B.T.A. 1229; *Arthur H. Earle* v. *Commissioner*, 38 Fed. (2d) 965.

In *American Compress & Warehouse Co.* v. *Bender*, 70 Fed. (2d) 655, the court said:

To attribute to the exchange now in question of property solely for corporate stock the effect of causing gain or loss to a party to that exchange, or of justifying the adoption of a new basis for computing depletion or depreciation of the transferred property, would involve an obvious disregard of substance and reality, as immediately after the exchange was effected, the beneficial interests of the transferors in the transferred property remained in existence and unimpaired, being substantially the same as they were before the exchange occurred, no third person then having acquired any beneficial interest in property which was a subject of the transfer. It is apparent that property owners do not gain or lose by transferring their properties solely in exchange for all the capital stock of a corporation brought into existence to take over that property where such stock is apportioned between the transferors in accordance with their respective beneficial interests in the transferred property.

We conclude that the sale of the property by Jacob Steinberg to the Fashion Center Building Co. was a transaction in which no gain was recognized to Steinberg. It follows that the basis to Fashion Center Building Co. was the cost to Steinberg.

Petitioners' contention under (c) also falls by reason of our holding above.

Petitioners' second contention, as stated in the brief, is as follows: " The Commissioner erred in determining any penalty for failure of the Fashion Center Building Co. to file a return for the calendar year 1928 within the time prescribed by law."

Petitioner has presented us no reasonable excuse for having failed to file the return as required by law. The evidence discloses that petitioner corporation was in existence during a part of the year 1928. Its sole assets were sold on February 8, 1928. There was a distribution in complete liquidation and legal dissolution on April 6, 1928. The Revenue Act of 1928 required the filing of a corporate Federal income tax return by the Fashion Center Building Co.

None was filed by it. The law and regulations.make it mandatory upon a corporation to file Federal income tax returns, regardless of the amount of its net income, and in case of liquidation or dissolution to furnish certain additional information. The petitioner did none of these things. Twenty-five percent penalty has been properly asserted by the Commissioner.

*Decision will be entered for the respondent.*